UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| JAMES GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 22-1220 |
| | ) | |
| KURT OSMUNDSON, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

### SUMMARY JUDGMENT ORDER

Plaintiff, proceeding pro se and presently incarcerated at Illinois River Correctional Center, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging an Eighth Amendment claim for deliberate indifference to a serious medical need. The matter comes before this Court for ruling on the Defendants' Motion for Summary Judgment on the issue of exhaustion of administrative remedies. (Doc. 32). The motion is granted.

### SUMMARY JUDGMENT STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that

might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## DISCUSSION

Failure to exhaust is an affirmative defense, and, therefore, defendants bear the burden of showing that a prisoner failed to exhaust all available remedies. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018). The Prison Litigation Reform Act (PLRA) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (2013). The PLRA does not define the process a prisoner must utilize; rather, "state law establishes the administrative remedies that a state prisoner must exhaust for purposes of the PLRA." *Lanaghan v. Koch*, 902 F.3d 683, 687 (7th Cir. 2018).

In Illinois, prisoners must first attempt to resolve their issues informally with prison staff, and, if unsuccessful, a prisoner may file a written grievance on a form provided by the prison. 20 Ill. Admin. Code § 504.810(a). The grievance must be filed "within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance," unless the prisoner "can demonstrate that a grievance was not timely filed for good cause…." *Id.* § 504.810(a). A grievance officer considers each grievance and submits a recommendation to the Chief Administrative Officer ("CAO"), who notifies the inmate of his decision. *Id.* § 504.830(d). An inmate may appeal the CAO's decision to the Director/Administrative Review Board, but he or she must do so within 30 days of the decision. *Id.* § 504.850(a). Once an appeal is received, the Administrative Review Board ("ARB") reviews the appeal and provides the Director with a written report of its findings and recommendations. *Id.* § 504.850(e).

An inmate may also submit a request for a grievance to be handled on an emergency basis by forwarding it directly to the CAO. *Id.* § 504.840. If determined to be a non-emergency, the CAO must notify the inmate that he or she may resubmit the grievance via the normal procedures. *Id.* 504.840(c).

Plaintiff filed a grievance dated September 24, 2021, describing the medical treatment he had received from prison medical staff for the conditions at issue in this lawsuit. (Doc. 32-1 at 4-5). Plaintiff's counselor responded on October 21, 2021, and the grievance officer recommended the denial of Plaintiff's grievance in a written response dated December 17, 2021. *Id.* at 2-5. The CAO concurred on December 20, 2021. *Id.* at 2.

Plaintiff did not sign or date the section of the grievance officer's and CAO's response indicating his intention to appeal the decision. *Id.* According to file stamps and a written response, the ARB received Plaintiff's grievance on February 7, 2022. The ARB denied Plaintiff's appeal as untimely on February 9, 2022. Plaintiff filed this lawsuit on June 30, 2022.

Defendants argue that Plaintiff failed to fully exhaust his administrative remedies because he failed to file a timely appeal and failed to identify the officials responsible for the alleged deprivations in the grievance itself. The latter is not a viable basis upon which to grant Defendants' motion because the grievance officer addressed Plaintiff's grievance on the merits without reference to any procedural shortcomings. *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) ("Where prison officials address an inmate's grievance on the merits without rejecting it on procedural grounds, the grievance has served its function of alerting the state and inviting corrective action, and defendants cannot rely on the failure to exhaust defense.").

Plaintiff does not explain the failure to submit the grievance to the ARB within 30 days. He states in his response that he experienced delays in the receipt of mail during the relevant

period, but he remains silent on whether he was able to send outgoing mail. The record does not otherwise permit a reasonable inference that prison officials prevented him from sending outgoing mail or that the grievance process was otherwise unavailable. The Court finds that Plaintiff failed to comply with the prison grievance rules, and, therefore, failed to fully exhaust his available administrative remedies prior to filing suit.

**IT IS THEREFORE ORDERED:**

1) **Defendants' Motion for Summary Judgment [32] is GRANTED. This case is dismissed without prejudice. The clerk of the court is directed to enter judgment in favor of Defendants and against Plaintiff. All pending motions not addressed below are denied as moot, and this case is terminated. Plaintiff remains responsible for the $350.00 filing fee.**

2) **Defendants' Motion to Postpone Deadlines [38] is DENIED as moot.**

3) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis MUST identify the issues the Plaintiff will present on appeal to assist the court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v Edwards*, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose…has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

Entered this 22nd day of August, 2023.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE
