UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| JAMES GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 22-1220 |
| | ) | |
| KURT OSMUNDSON, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

The Court dismissed this lawsuit on August 22, 2023, after finding that Plaintiff failed to exhaust his administrative remedies prior to filing suit. (Doc. 39). Plaintiff asks the Court to reconsider its decision, arguing that prison officials failed to respond to his emergency grievance within 72 hours and otherwise failed to follow their own rules. (Doc. 41). The Court construes Plaintiff's motion as a motion seeking relief pursuant to Fed. R. Civ. P. 59(e). Because Plaintiff is *pro se*, the Court will consider the arguments made in his reply brief. Defendants' motion to strike Plaintiff's reply (Doc. 44) is denied.

Rule 59(e) of the Federal Rules of Civil Procedure allows a court to alter or amend a judgment if the movant can show a manifest error of law or present newly discovered evidence. Fed. R. Civ. P. 59(e); *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). Motions under this rule cannot be used to present evidence that could have been presented at the summary judgment stage. *Id.* Nor are such motions vehicles to advance arguments that could or should have been made before judgment entered. *U.S. v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010); *see also Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir.

1996) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.").

The affidavit Plaintiff filed in response to Defendants' motion did not raise the argument he now asserts, nor is his current argument relevant to the Court's finding that Plaintiff failed to appeal his grievance to the Administrative Review Board within the applicable 30-day deadline. *See* 20 Ill. Admin. Code § 504.850(a). Plaintiff does not explain why he waited until now to raise this argument.

Assuming Plaintiff's argument is properly considered, the Illinois grievance rules do not establish a deadline for officials to respond to an emergency grievance, *see* 20 Ill. Admin. Code § 504.840(a)-(c), and the delays Plaintiff alleges do not permit a reasonable inference that prison officials prevented Plaintiff from filing a timely appeal. Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED:**

1) **Defendants' Motion to Strike [44] is DENIED.**

2) **Plaintiff's Motion for Reconsideration [41] is DENIED.**

Entered this 4TH day of December, 2023.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE
